UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION

TORINA SHETLER,

     Plaintiff,

vs.

WAL-MART STORES EAST, LP,

     Defendant.

_____/

## WAL-MART STORES EAST, L.P.'S NOTICE OF REMOVAL

Defendant WAL-MART STORES EAST, LP, ("WAL-MART"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3), and Rule 81(c) of the Federal Rules of Civil Procedure, hereby removes to this Court the action filed in the Seventh Judicial Circuit Court in and for Volusia County, Florida, Case No. 2020-30766-CICI, with full reservation of rights, exceptions and defenses, and in support thereof states:

## I. FACTUAL BACKGROUND

1.     On June 4, 2020, Plaintiff commenced this action by filing a Complaint against Wal-Mart in the Seveventh Judicial Circuit Court in and for Volusia County, Florida. *See* Pl.'s Compl., attached as Ex. "A."[1]

2.     The initial Complaint was served on Wal-Mart on June 23, 2020. *See* Civil Action Summons attached as Ex. "B."

---

[1] Wal-Mart filed its Answer to Count I of Plaintiff's Complaint (Negligence), but filed a Motion to Dismiss Count II of the Complaint (Mode of Operation) on the basis that under Florida Law there is no longer a viable cause of action for negligent mode of operation. Accordingly, Plaintiff cannot maintain an action for negligent mode of operation against Wal-Mart.

3.     Plaintiff is a resident of Daytona Beach, Florida, Volusia County. *See* Ex. "A" at ¶ 2.

4.     As fully discussed in detail below, Wal-Mart is a Delaware limited partnership.

5.     Plaintiff alleges a claim for negligence against Wal-Mart as a result of injuries she allegedly sustained on August 18, 2019, when she allegedly slipped and fell on a liquid substance at the Wal-Mart store located at 1590 Dunlawton Avenue, Port Orange, Volusia County, Florida 32127. *See* Ex. "A" at ¶¶ 3-5.

6.     Plaintiff further contends Wal-Mart negligently breached the duties owed to her by, *inter alia,* failing to maintain its premises in a reasonably safe condition and to warn of perils that she could not have discovered. *See* Ex. "A" at ¶¶ 8-10.

7.     On September 24, 2020, Plaintiff served her Answers to Wal-Mart's Interrogatories in which she specifically itemized and detailed her ***past medical expenses, which total approximately $28,601.42***.[2] *See* Plaintiff's Redacted Answers to Interrogatory No. 12, attached as Ex. "C."

8.     On September 24, 2020, Plaintiff also served her responses to Wal-Mart's Request for Production, which included the production of Plaintiff's medical records associated with the treatment she received following her incident at Wal-Mart. Notably, the Plaintiff produced records indicating she injured her low back, received treatment for her low back injuries, and ***was advised by her treating surgeon that she would require low back surgery at a***

---

[2] This number is a conservative total as the Plaintiff's answers to Interrogatory No. 12 states that the total past medical expenses in connection with her treatment at the following medical facilities is currently unknown: (1) Integrity Medical Group LLC, (2) Dr. Luther St James III, (3) Associates MD Medical Group. The total past medical expenses which Plaintiff disclosed (i.e. $28,601.42) will increase once Wal-Mart receives production of the bills associated with Plaintiff's treatment of the Plaintiff at those medical facilities.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*an estimated cost of $65,305.42.*  *See* Plaintiff's Cost Estimate For Low Back Surgery Attached as Ex. "D."

9.    Plaintiff's Complaint is therefore removable based on diversity of citizenship of the parties, and because the claimed amount in controversy is in excess of $75,000.00 exclusive of interest, attorney's fees, and costs.

10.    Venue exists in the United States District Court for the Middle District of Florida (Orlando Division), because the Seventh Judicial Circuit Court in and for Volusia County is located in the Orlando Division of counties served by the Middle District of Florida, which is located within the United States District Court for the Middle District of Florida.

11.    Wal-Mart attaches hereto and makes a part of this notice a copy of the process, pleadings, and other papers filed in the Seventh Judicial Circuit of the State of Florida in and for Volusia County together with a docket sheet from the Clerk of the Court.  *See* attached as Ex. "E."

12.    Wal-Mart reserves the right to raise all defenses and objections in this action after the action is removed to this Court.

## II.  <u>REMOVAL IS TIMELY</u>

13.    On September 24, 2020, Plaintiff served Wal-Mart with her answers to Wal-Mart's discovery requests.  Plaintiff's discovery responses included:

      a.    Interrogatories in which she specifically itemized and detailed her *past medical expenses, which total approximately $28,601.42* [*See* Ex. "C"], and

      b.    Responses to Request for Production, which included medical records pertaining to Plaintiff's low back injuries wherein low back surgery was recommended her

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

for ***low back surgery which her doctor determined would cost an estimated $65,305.42***. *See* Ex. "D."

14.     Plaintiff's September 24, 2020 Responses to Wal-Mart's discovery requests are the first paper from which Wal-Mart ascertained that the instant case is removable, based on diversity jurisdiction. In those responses, Plaintiff disclosed that her past medical expenses totaled $28,601.42 (conservatively) and her future medical expenses associated with her low back surgery would total $65,305.42.   These amounts exceed the jurisdictional threshold of $75,000.00.

15.     28 U.S.C. § 1446(b)(3) authorizes Wal-Mart to remove the instant case within thirty days after its receipt, "through service or otherwise, of a copy of an amended pleading, motion, order or **other paper** from which it may first be ascertained that the case is one which is or has become removable." (emphasis added).

16.     Responses to discovery requests, including medical records received, constitute "other paper" under § 1446(b).  *See Taylor v. Wal-Mart Stores East, L.P.,* Case No. 3:20-CV-541-J-39JBT, at D.E. 19 (M.D. Fla. October 6, 2020) (Judge Davis denied plaintiff's motion to remand explaining that the amount in controversy exceed the jurisdictional threshold of $75,000.00, in part, because plaintiff's past medical expenses were $24,427.51, her lost wage claim was $38,000.00, and *recommended knee surgery was estimated to cost approximately $35,000.00 - $40,000.00*). *See* Ex. "C" and "D".

17.     In accordance with 28 U.S.C. § 1446(b)(3), Wal-Mart files this Notice of Removal within thirty days of the date that it received a copy of Plaintiff's Responses to Wal-Mart's discovery requests, which made it clear that removal was appropriate. *See* Ex. "C" and "D." Thus, the instant Notice of Removal is timely filed.

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

### III. <u>THERE IS COMPLETE DIVERSITY WITHIN THE PARTIES</u>

18.     Under 28 U.S.C. § 1332(a)(1), "[t]he district court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between – citizens of different States."

19.     "[D]iversity jurisdiction is determined at the time of filing the complaint or, if the case has been removed, at the time of removal." *PTA-Fla, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1306 (11th Cir. 2016) (citing *Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1306 n.1 (11th Cir. 2001)).

20.     This action satisfies the complete diversity of citizenship requirement of 28 USC § 1332(a)(1).

**A.  Citizenship of WAL-MART STORES EAST, L.P.**

21.     At the time of the alleged incident, currently and at all material times, Wal-Mart Stores East, LP is a limited partnership which currently is, and at all material times, a Delaware Limited Partnership with its principal place of business in the State of Arkansas.

22.     WSE Management, LLC is the general partner and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. These are the only partners of Wal-Mart Stores East, LP.

23.     WSE Management, LLC and WSE Investment, LLC were at the time of filing the Complaint, and still are, Delaware limited liability companies.

24.     The sole member of WSE Management, LLC and WSE Investment, LLC is, and was at the time of filing the Complaint, Wal-Mart Stores East, LLC, an Arkansas Limited Liability Company.

25.     The sole member of Wal-Mart Stores East, LLC is Walmart Inc. and was so at the time the Complaint was filed.

26.     Walmart Inc. is a Delaware corporation and was so at the time the Complaint was filed.

27.     The principal place of business for all of the above mentioned entities (Wal-Mart Stores East, LP; WSE Management, LLC; WSE Investment, LLC; Wal-Mart Stores East, LLC; and Walmart Inc.), at all material times, is Bentonville, Arkansas.

**B.  Citizenship of The Plaintiff**

28.     As previously stated, Plaintiff was at all times material to this action a resident of Volusia County, Florida. *See* Ex. "A" at ¶ 2.  Although the Complaint does not specifically state her citizenship, "[i]t is well established that a party's residence is prima facie evidence of a party's domicile," and "[f]or purposes of diversity jurisdiction, a party's domicile is equivalent to his citizenship." *Katz v. J.C. Penney Corp.*, 2009 WL 1532129, *3 (S.D.Fla.) (Cohn, J) (internal citations omitted).

29.     Here, Plaintiff alleges she resides in Volusia County, Florida. *See* Ex. "A" at ¶ 2. Plaintiff's Volusia County, Florida residence is prima facie evidence of her domicile, which is equivalent to citizenship for purposes of establishing diversity. *See Katz,* 2009 WL 1532129 at *3.

## IV. AMOUNT IN CONTROVERSY

30.     The amount in controversy exceeds $75,000.00. *See* Ex. "C" and "D."

31.     Although Plaintiff's Complaint does not specify an amount in controversy other than the state court $30,000.00 jurisdictional minimum, Plaintiff's discovery responses [*Id.*],

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

evidences that Plaintiff's claimed damages exceed the jurisdictional minimum in this Court of $75,000.00.

32.     The well-established rule adopted by the Eleventh Circuit states that a removing party can offer its own affidavits, declarations, or other documentation to establish federal removal jurisdiction and there is no limitation on the type of evidence that a defendant could offer once it timely files a notice of removal.  *See Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 759 (11th Cir. 2010) (discussing the binding law in the Eleventh Circuit that a defendant may submit a wide range of evidence in order to satisfy the jurisdictional requirements of removal) (emphasis added); *Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

33.     As in the instant matter, where the jurisdictional amount is not facially apparent on the face of the complaint; the court will look to the notice of removal and any accompanying documents relevant to the amount in controversy at the time the case was removed. *Pretka,* 608 F.3d at 759; *Williams,* 269 F.3d at 1319*; see also, Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)[3] (discussing that when a plaintiff makes "an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement).

34.     Moreover, the Eleventh Circuit permits district courts to use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.  *Roe v. Michelin N. Am., Inc.,* 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka,* 608 F.3d at 754). Furthermore, a removing defendant, is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it. *See*

---

[3] *Abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Pretka,* 608 F.3d at 754. Thus, all that is required is that Wal-Mart show, by a preponderance of the evidence, that the amount in controversy in the instant case exceeds $75,000.00. *Id.* at 752.

35.    A district court may consider the complaint and any later received paper from the plaintiff as well as the notice of removal and accompanying documents when deciding upon a motion to remand. *See Katz*, 2009 WL 1532129 at *4 (citing *Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1213-1214 (11th Cir. 2007)). Also, "a district court may consider evidence outside of the removal petition if the facts therein existed at the time of removal." *Id* (citing *Williams v. Best Buy Co.,* 269 F.3d 1316, 1320 (11th Cir. 2001) and *Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000)).

36.    Similarly, the Eleventh Circuit Court has held that ***responses to discovery***, deposition transcripts, and other documents can constitute and be considered the "***other paper***" pursuant to and required by 28 U.S.C. § 1446(b)(3). *See Wilson v. General Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989) (discussing that plaintiff's response to defendant's requests for admissions was the "paper from which it [was] first ascertained that the case [was] one which is or has become removable" pursuant to 28 U.S.C. § 1446(b)(3)); *Lowery v. Alabama Power Co.*, 483 F.3d 1213, n. 61 (noting that a number of documents have been judicially recognized as such, ***including interrogatory responses***).

37.    Applying this principle, the Florida U.S. district courts have numerous cases wherein removal was directly based on the plaintiff's discovery responses, which indicated that the amount in controversy exceeded $75,000.00. *See Berman v. Target*, 2015 U.S. Dist. LEXIS 190144 (S.D. Fla. December 16, 2015); *Monserrate v. Target Corp.*, 2014 U.S. Dist. LEXIS 193068 (S.D. Fla. April 7, 2014); *Bencosme v. Target Corp.*, 2013 U.D. Dist. LEXIS 192025

(S.D. Fla. October 16, 2013); *Wilson v. Target Corp.*, 2010 U.S. Dist. LEXIS 96399 (S.D. Fla. September 14, 2010).

38.     In *Monserrate*, the defendant relied on the plaintiff's responses to its request for admission and documents produced in response to its request for production to establish the basis for removal. *Monserrate*, 2014 U.S. Dist. LEXIS 193068, at *2. The plaintiff's discovery responses demonstrated that the amount in controversy exceeded $75,000.00 and proved the diversity of citizenship between the parties. *Id*. at * 8.  The *Monserrate* court relied on the well-established concept that 28 U.S.C. § 1446(b) allows for the consideration of "other paper," including discovery responses, to determine whether removal is proper. *Id*.

39.     Accordingly, this Court may look to Plaintiff's discovery responses when determining that the amount in controversy exceeds $75,000.00 for purposes of removal based on diversity jurisdiction.

40.      In the instant matter, Plaintiff's Responses to Wal-Mart's Interrogatories and Request for Production (which includes the cost estimate for the low back surgery), and the allegations of the Complaint conclusively establish that the amount in controversy exceeds the $75,000.00 jurisdictional threshold.  *See* Ex. "A," ¶ 1; Ex. "C" and Ex. "D."  The Court has the authority to rely on Plaintiff's discovery responses as proof that the jurisdictional limit has been met.

41.     Based on the foregoing, Wal-Mart has established that Plaintiff's claimed damages in this case exceed $75,000.00 by her own discovery responses. Additionally, the Complaint claims lost wages of an unknown quantity, past medical expenses, and past and future pain and suffering of an unknown quantity.  *See* Ex. "A," ¶ 12; s*ee also Wilson,* 888 F.2d 779 at 780; *Sibilia v. Makita Corp.,* 782 F. Supp. 2d 1329, 1330–31 (M.D. Fla. 2010); *Taylor v. Tractor*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

*Supply Co.,* 2014 WL 5473558, at *1–2 (M.D. Fla. 2014); *Wilson,* 2010 LEXIS 96399, at *4. As such, removal is proper.

## V. <u>CONCLUSION</u>

This action is removable pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b)(3) because there exists complete diversity in this matter as the Plaintiff and Wal-Mart are citizens of different states, and the amount in controversy exceeds $75,000.00 exclusive of interest, fees, and costs. Upon filing of this Notice of Removal, Wal-Mart will promptly give written notice to Plaintiff and to the Clerk of the Circuit Court for the Seventh Judicial Circuit in and for Volusia County, Florida.

**WHEREFORE**, Defendant Wal-Mart Stores East, LP respectfully requests the Notice of Removal be accepted as good and sufficient as required by law, and that the aforesaid action, case number Case No. 2020-30766-CICI, be removed to the United States District Court for the Middle District of Florida, Orlando Division, and that this Court assume full and complete jurisdiction thereof and issue all necessary orders and grant all general equitable relief to which Wal-Mart is entitled.

**Dated: October 26, 2020**

[Signature on following page]

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

Respectfully submitted,

*/s/ Suzette L. Russomanno*
Jerry D. Hamilton, Esq.
Florida Bar No.: 970700
jhamilton@hamiltonmillerlaw.com
William H. Edwards, Esq.
Florida Bar No. 43766
wedwards@hamiltonmillerlaw.com
Suzette L. Russomanno, Esq.
Florida Bar No. 751081
        srussomanno@hamiltonmillerlaw.com
HAMILTON, MILLER & BIRTHISEL, LLP
150 Southeast Second Avenue, Suite 1200
Miami, Florida 33131
Telephone: (305) 379-3686
Facsimile: (305) 379-3690
*Attorneys for Defendant, Wal-Mart Stores East, LP*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on October 26, 2020, I electronically filed the foregoing document with the Clerk of Court using the E-Filing Portal.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the following Service List by electronic mail.

/s/ Suzette L. Russomanno
Suzette L. Russomanno

## SERVICE LIST

Christopher J. Steinhaus, Esq.
Morgan & Morgan, P.A.
20 North Orange Avenue, Suite 1600
Orlando, Florida 32801
Telephone: (407) 420-1414
Facsimile: (407) 245-3341
csteinhaus@forthepeople.com
mpaesa@forthepeople.com
jimorgan@forthepeople.com
*Attorney for Plaintiff*

**HAMILTON, MILLER & BIRTHISEL** LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131
TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690