IN THE CIRCUIT COURT OF THE SEVENTH
JUDICIAL CIRCUIT IN AND FOR VOLUSIA
COUNTY, FLORIDA

CASE NO:

TORINA SHETLER,

    Plaintiff,

vs.

WAL-MART STORES EAST, LP,

    Defendant.

_____ /

## COMPLAINT

COMES NOW Plaintiff, TORINA SHETLER, and sues Defendant, WAL-MART STORES EAST, LP, and alleges:

### GENERAL ALLEGATIONS

1. This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

1

2. Plaintiff, TORINA SHETLER, is and at all pertinent times was a resident of Daytona Beach, Volusia County, Florida.

3. The Defendant, WAL-MART STORES EAST, LP, at all times material to this Complaint, is and has been the owner, and in possession, custody and control, of the premises located at 1590 Dunlawton Avenue, Port Orange, Volusia County, FL 32127.

4. This Court has jurisdiction over the subject matter of this Complaint and the parties to this cause of action because the incident which is the subject of this Complaint occurred in Volusia County, Florida at the WAL-MART STORES EAST, LP referenced in paragraph No. 3 above.

5. On or about August, 18, 2019, Plaintiff, TORINA SHETLER, was a business invitee (i.e. customer) at the aforementioned WAL-MART STORES EAST, LP owned, managed or controlled by the Defendant when she was shopping and she slipped and fell because of a liquid substance on the floor and was injured.

6. As a result of said incident, Plaintiff, TORINA SHETLER, sustained serious injuries and other damages including but not limited to injury to her right knee, foot, and back.

## COUNT I

7. Plaintiff re-alleges and incorporates Paragraphs 1 through 6.

8. Defendant, WAL-MART STORES EAST, LP as owner, property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, or alternatively, as the lease of property for which the subject premises were a primary path of ingress or egress to Defendant's business, had a non-delegable duty to maintain the premises in a reasonably safe condition so as to avoid injury to the Plaintiff and other customers

or invitees to the Defendant's business, and also had a duty to inspect it's premises and a non-delegable duty to warn the Plaintiff of all dangerous conditions, including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to the Plaintiff.

9. Defendant, WAL-MART STORES EAST, LP, negligently breached the aforementioned duties by the following:

   a. creating the condition which caused Plaintiff's injury;

   b. failing to maintain its location in a reasonably safe condition;

   c. allowing the dangerous condition to be on the property and/or to remain on the property for an unreasonable length of time, creating a hazard for customers and invitees such as Plaintiff. The dangerous conditions that caused the Plaintiff's injury had been on the property long enough that the Defendant knew, or under the exercise of reasonable care should have known, that the dangerous condition existed and should be promptly addressed and warning signs put out and this section of the property cordoned off until the condition was corrected. Nevertheless, Defendant did not take any of these steps and as a result Plaintiff sustained injuries and related damages;

   d. failing to warn customers and business invitees, such as the Plaintiff, of the danger presented by the dangerous condition;

   e. failing to timely and properly monitor and inspect its property for any potentially dangerous or unsafe conditions, including the one previously alleged that caused Plaintiff's injury, and failing to timely and properly correct the dangerous conditions on its property that caused the Plaintiff sustain injuries and other damages; and

   f. failing to otherwise exercise due care with respect to the matter alleged in the Complaint.

10. Defendant has actual and/or conservative notice that their flooring becomes slippery, and therefore unreasonably dangerous, when wet, as evidenced by:

   a. Defendant keeps records of each slip and fall;

    b. Defendant purchases "Slippery When Wet" warning signs that they instruct their employees to place at locations when they detect liquid substances on the floor;

    c. Defendant trains all of their employees to be on the look-out for liquid on the floor; and

    d. Defendant trains all of their employees to clean floor areas where liquid is detected.

11. As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff was injured while a customer/visitor/invitee at the Defendant's premises.

12. As a further direct and proximate result of the negligence of Defendant as set forth above, the Plaintiff, TORINA SHETLER, suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense. The losses are either permanent or continuing and the Plaintiff, TORINA SHETLER, will suffer losses in the future.

## COUNT II

13. Plaintiff re-alleges and incorporates Paragraphs 1 through 12.

14. Defendant, WAL-MART STORES EAST, LP as owner, property manager and operator of the aforementioned premises, and as the entity that had possession and control of said premises, or alternatively, as the lease of property for which the subject premises were a primary path of ingress or egress to Defendant's business, had a non-delegable duty to operate its business in a non-negligent manner and implement methodology which does not cause or contribute to the creation of dangerous conditions and also had a duty to maintain the premises in a reasonably safe condition so as to avoid injury to the Plaintiff and other customers or invitees to the Defendant's business, and also had a non-delegable duty to maintain its premises in

reasonable condition free of all dangerous conditions, a duty to inspect it's premises and a non-delegable duty to warn the Plaintiff of all dangerous conditions, including the one previously alleged, which it knew or should have known existed on its property and which created an unreasonable risk of harm to the Plaintiff.

15.   Defendant, WAL-MART STORES EAST, LP, negligently breached the aforementioned duties by:

   a. Implementing policies, procedures, and practices which foreseeably caused or contributed to the existence of the dangerous condition described herein;

   b. Failing to implement policies, procedures and practices which would prevent the foreseeable dangerous condition described herein;

   c. Otherwise causing, contributing to or condoning conduct and activity on it premises which foreseeably would cause or contribute to the creation of the dangerous condition described herein;

   d. Not making reasonable inspections of the area which would have revealed the dangerous condition;

   e. Failing to use reasonable care in maintaining the premises, specifically the floors, in a safe condition which includes not allowing food and/or liquids to accumulate on the floor where people, such as the Plaintiff, could easily slip and fall;

   f. Failing to use reasonable care in maintaining the premises, i.e., not allowing food or drinks to spill onto the slick floor, causing a slipping hazard;

   g. Failing to place warning signs or cones surrounding a hazardous condition such as grease and/or liquids on the floor;

   h. Failing to have a non-skid floor or a non-slip surface on the floor to prevent people such as Plaintiff from falling;

   i. Failing to ensure that the areas in and around the store where patrons walk have a non-slip flooring surface;

j. Failing to install carpeting instead of wood or laminate floors where patrons walk;

k. Failing to place an adequate number of mats and/or runners on the floor where food and/or liquid accumulates so that a slipping hazard is not created;

l. Failing to clean the floor on an intermittent basis to avoid such incidents from occurring;

m. Failing to properly inspect the floor where patrons walk to ensure that it is being mopped/swept and kept clean and free of accumulated food and/or liquid;

n. Failing to hire competent individuals to properly inspect the premises;

o. Failing to hire competent individuals to clean the floors;

p. Failing to properly supervise employees and/or agents in the proper cleaning of floors;

q. Failing to ensure proper policies and procedures were in place regarding the proper inspecting of floors;

r. Failing to ensure proper policies and procedures were in place regarding the proper cleaning of floors;

s. Failing to ensure that policies and procedures regarding the cleaning and inspection of floors were being complied with;

t. Failing to have an unsafe flooring material in their produce area where patrons walk;

u. Failing to have a safe flooring material in an area where food and liquids are being dropped onto the ground;

v. Failing to ensure that the WAL-MART STORES EAST, LP complies with the standards found in ASTM F1637 – Standard Practice for Safe Walking Surfaces;

w. Failing to ensure that the restaurant complies with the standards found in ANSI A1264.2 – Provision of Slip Resistance on Walking / Working Surfaces; and

6

      x.  Failing to ensure that the correct types and sizes of mats are used throughout the WAL-MART STORES EAST, LP.

16.    As a direct and proximate result of the negligence of Defendant as set forth above, Plaintiff sustained injuries while a customer/visitor/invitee at the Defendant's premises.

17.    As a further direct and proximate result of the negligence of Defendant as set forth above, the Plaintiff, TORINA SHETLER, suffered bodily injury and resulting pain and suffering, disability, loss of the capacity of the enjoyment of life, medical care and treatment expense. The losses are either permanent or continuing and the Plaintiff, TORINA SHETLER, will suffer losses in the future.

WHEREFORE, the Plaintiff, TORINA SHETLER, demands judgment for damages in excess of $30,001.00 against Defendant, WAL-MART STORES EAST, LP, together with costs, prejudgment interest, and demands trial by jury.

DATED this 4$^h$ day of June, 2020.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing Complaint for Damages and Demand for Trial by Jury has been served by service of process upon Registered Agent for Defendant, WAL-MART STORES EAST, LP.

           */s/Christopher J. Steinhaus*
CHRISTOPHER J. STEINHAUS, ESQUIRE
FBN: 147966
Morgan & Morgan, P.A.
20 N. Orange Avenue, Suite 1600
Orlando, FL 32801
Telephone Phone: (407) 420-1414
Facsimile: (407) 245-3341
Primary email: csteinhaus@forthepeople.com
Secondary email: mpaesa@forthepeople.com;
jimorgan@forthepeople.com
Attorneys for Plaintiff

7



**LAURA E. ROTH**
CLERK OF THE CIRCUIT COURT

SEVENTH JUDICIAL CIRCUIT - VOLUSIA COUNTY
P.O. BOX 6043 DELAND, FLORIDA 32721-6043 - WWW.CLERK.ORG

Filing #: ███████
Filer: Christopher James Steinhaus
Payment: $410.00

1 Filing Fee: $400.00
2 Summons Issuance: $10.00
3 Complaints/Petitions Complaint: $0.00
4 Complaints/Petitions Request that Summons be Issued: $0.00
5 Notices/Reports Notice: $0.00

*This document is a Clerk generated receipt. This page was not included in the original court document submitted by the filer.*